[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 17, 2010
JOHN LEY
CLERK

_____

Nos. 09-14407 and 09-14408
Non-Argument Calendar

_____

D. C. Docket Nos. 08-00104-CR-JRH-1
& 09-00042-CR-JRH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD BERNARD KELLY,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Georgia

_____

(March 17, 2010)

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Donald Bernard Kelly appeals his 120-month sentence, imposed following

his convictions for bank robbery, in violation of 18 U.S.C. § 2113(a). After review

of the record, we affirm.

Kelly pleaded guilty to two separate indictments, each charging him with different bank robberies. The first robbery occurred in July 2008, in Macon, Georgia. The second occurred about a week later in Augusta, Georgia. Although the notes handed to the teller in each robbery stated that Kelly was armed, Kelly did not use a weapon during the robberies.

In calculating the advisory guidelines range, the probation officer did not group the two offenses together, but the same calculations applied to each offense: the base offense level was 20 under U.S.S.G. § 2B3.1(a), with 2 levels added because Kelly took property of a financial institution, and another 2 levels added because Kelly made a death threat. To account for the multiple offenses, §3D1.4, the probation officer then added two levels to the adjusted offense level. With a 3-level reduction for acceptance of responsibility, the total adjusted offense level was 23.

The probation officer then detailed Kelly's lengthy criminal history dating back to 1986. Kelly had several prior convictions for burglary and theft. He also had been convicted of bank robbery in 1995, and he committed the instant offenses while on supervised release from the 1995 bank robbery. Nevertheless, most of Kelly's prior convictions were not assigned any criminal history points. In fact, of

Kelly's ten prior convictions, only two received criminal history points. Kelly's criminal history placed him in category IV, which yielded an advisory guidelines range of 70 to 87 months' imprisonment. The statutory maximum for bank robbery is 20 years' imprisonment. 18 U.S.C. § 2113(a).

The court sentenced Kelly to 120 months' imprisonment on each offense, to run concurrently to each other but consecutively to any term that was later imposed for the violation of Kelly's supervised release. The court explained that the aggravating circumstances were not adequately addressed by the guidelines, and the sentencing factors in 18 U.S.C. § 3553(a) justified an upward variance. The court noted Kelly's repeated criminal conduct, citing his lengthy criminal history and the fact that he had committed the two bank robberies while on supervised release. Kelly now appeals the procedural and substantive reasonableness of his sentence.

We review sentencing determinations for reasonableness, which requires us to apply a deferential abuse-of-discretion standard to the sentence of the district court, "whether inside, just outside, or significantly outside the Guidelines range. . . ." *Gall v. United States,* 552 U.S. 38, 41, 46 (2007). In conducting this review, we invoke the following two-step process to evaluate procedural and substantive reasonableness:

3

> [We] must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range. Assuming that the district court's sentencing decision is procedurally sound, [we] . . . then consider the substantive reasonableness of the sentence imposed.

*Id.* at 51.

Procedural soundness assumes that "[w]here the judge imposes a sentence outside the Guidelines, the judge will explain why he has done so." *Rita v. United States*, 551 U.S. 338, 356-57 (2007). The judge must "properly calculate the Guidelines range *and* include an explanation for any deviation from the Guidelines range." *United States v. Pugh,* 515 F.3d 1179, 1190 (11th Cir. 2008) (quotation and alteration omitted). A greater variance from the applicable guideline range should be "supported by a more significant justification" than a smaller variance. *Gall,* 552 U.S. at 50. The judge's statement, however, may be brief and is to be evaluated in conjunction with the record and context of the case. *Rita*, 551 U.S. at 358-59. "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.* at 356.

The substantive reasonableness of a sentence considers the totality of the

circumstances. *United States v. Livesay,* 525 F.3d 1081, 1091 (11th Cir. 2008). In arriving at a substantively reasonable sentence, the district court must give consideration to the sentencing factors listed in 18 U.S.C. § 3553(a). *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). Those factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Id.* at 786 (*citing* 18 U.S.C. § 3553(a)).

"If the sentence is outside the guidelines range, we may consider the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotation omitted). Extraordinary circumstances are not required to justify a sentence outside the guidelines range, *Livesay*, 525 F.3d at 1090, and "there is a range of reasonable sentences from which the district court may choose," *Talley*, 431 F.3d at 788. The burden of establishing that the sentence is unreasonable considering both the record and the § 3553(a) factors is on the party challenging the sentence. *Id.*

5

After a review of the record and consideration of the parties' briefs, we conclude that Kelly failed to show that his sentence was either procedurally or substantively unreasonable. The court correctly determined the guidelines range and treated the guidelines as advisory. The court further explained its basis for imposing an upward variance. Moreover, the district court did not abuse its discretion in relying on the facts of Kelly's past criminal history and recidivist behavior, as these are factors to be considered under § 3553(a). Finally, the sentence imposed was well below the statutory maximum sentence for bank robbery.

**AFFIRMED.**